UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| COURTNEY HALVORSEN,<br><br>         Plaintiff,<br>  v.<br><br>PETERSON ENTERPRISES, INC., a Washington corporation, dba VALLEY EMPIRE COLLECTION,<br><br>         Defendant. | NO: 2:16-CV-00287-RMP<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant's Motion to Dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). ECF No. 6. The Court has reviewed Plaintiff's Complaint (ECF No. 1), Defendant's Motion to Dismiss (ECF No. 6), Plaintiff's Response to Defendant's Motion to Dismiss (ECF No. 9), Defendant's Reply (ECF No. 10), and Plaintiff's Notice of Supplemental Authority (ECF No. 12), and is fully informed.

## BACKGROUND

On August 10, 2015, Defendant filed a writ of garnishment and an affidavit for garnishment in support of the writ to collect a judgment of $451.70, accrued

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 1

1  interest of $4.61, and collection costs of $134.00 for a total of $590.31. ECF No.

2  7-1. This writ of garnishment instructed Plaintiff's employer to withhold funds

3  owed to Plaintiff in the amount of the judgment, interest, and costs. *Id*. On

4  October 15, 2015, the Spokane County District Court entered a Judgment on

5  Answer of Garnishee Defendant awarding Defendant, Peterson Enterprises, INC.,

6  the sum of $590.31 to be paid by Plaintiff's employer from the withheld funds.

7  ECF No. 7-4. On November 4, 2015, Defendant filed a Satisfaction of Judgment

8  certifying that the judgment had been fully paid. ECF No. 7 at 5.

9       On August 9, 2016, Plaintiff filed a complaint with this Court requesting

10 class action status and asserting that Defendant's writ of garnishment was invalid

11 because the affidavit for garnishment that accompanied the writ omitted essential

12 requirements under WASH. REV. CODE § 6.27.060 and attempted to collect fees and

13 costs on the void writ of garnishment. ECF No. 1. In the complaint, Plaintiff

14 alleges that this omission and the actions by Defendant violated the Fair Debt

15 Collection Practices Act (FDCPA), the Washington Consumer Protection Act, and

16 the Washington Collection Agency Act. Plaintiff's prayer for relief includes a

17 request for declaratory relief, injunctive relief, money damages, and attorney fees.

18 *Id*.

19                                    **JURISDICTION**

20      Defendant's challenge to Plaintiff's complaint is focused on Fed. R. Civ. P.

21 12(b)(1), a lack of subject matter jurisdiction. ECF No. 6. The party asserting

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 2

jurisdiction bears the burden of establishing subject matter jurisdiction on a motion to dismiss for lack of such jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, 546 F.3d 981, 984 (9th Cir. 2008). Dismissal for lack of subject matter jurisdiction is appropriate if the complaint on its face, considered in its entirety, fails to allege facts sufficient to establish subject matter jurisdiction. *Id*.

Plaintiff alleges that this Court has subject matter jurisdiction under 15 U.S.C. § 1692k(d), the FDCPA, 28 U.S.C. § 1337, Commerce and Antitrust Regulations, and 28 U.S.C. § 1331, Federal Question, and supplemental jurisdiction under 28 U.S.C. § 1367. ECF No. 1 at 3.

Defendant challenges subject matter jurisdiction based on the *Rooker-Feldman* doctrine. ECF No. 6. The *Rooker-Feldman* doctrine is a jurisdictional rule that "prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state-court judgments." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003); *See also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). The Ninth Circuit has found the following:

> A de facto appeal exists when "a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." [*Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)]. In contrast, if "a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction." *Id*. Thus, even if a plaintiff seeks relief from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff also alleges a legal

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 3

error by the state court. *Maldonado v. Harris*, 370 F.3d 945, 950 (9th Cir. 2004); *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004) ("[A] plaintiff must seek not only to set aside a state court judgment; he or she must also allege a legal error by the state court as the basis for that relief").

*Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013). If a claim is found to be a de facto appeal, the federal plaintiff may not seek to litigate an issue that is "inextricably intertwined" with the state court decision from which the forbidden de facto appeal is brought. *Noel*, 341 F.3d at 1158.

The facts alleged by Plaintiff on all causes of action orbit around the omission of necessary language in the affidavit for garnishment prepared by Defendant, and Defendant's actions in attempting to execute an invalid writ. ECF No. 1 at 7-12. While there is a Judgment on Answer issued by the state court, Plaintiff is not asserting that the state court committed legal error in its judgment, but rather asserts as a legal wrong an illegal act and/or omission on the part of Defendant. As such, Plaintiff's claims are independent of the state judgment that was rendered against her and do not constitute a de facto appeal. Therefore, the *Rooker-Feldman* doctrine does not preclude subject matter jurisdiction.

The Court acknowledges that in paragraph 8.6 of the complaint, Plaintiff requests injunctive relief under WASH. REV. CODE § 19.16.450. ECF No. 1 at 20. Under this provision, if a violation of WASH. REV. CODE § 19.16.250 is established, the licensee is precluded from collecting interest, service charge, attorneys' fees, collection costs, delinquency charges, or any other fees or charges other than the

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 4

original claim or obligation.  The state court's judgment addresses a garnishment amount that includes interest, attorney fees, and additional fees.  ECF No. 7-1 at 6, 7-4.  Arguably, under this request for injunctive relief, Plaintiff is requesting relief from the state court judgment.  However, as set forth in *Bell*, since Plaintiff is asserting a legal wrong resulting from the act or omission of an adverse party, even with the request for relief from the state court judgment the complaint does not constitute a de facto appeal.  Therefore, this Court maintains subject matter jurisdiction in this case under the statutes alleged by Plaintiff.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Defendant's Motion to Dismiss, **ECF No. 6**, is **DENIED**.

The District Court Clerk is hereby directed to enter this Order, and provide copies to counsel.

**DATED** July 14, 2017.

       *s/ Rosanna Malouf Peterson*
       ROSANNA MALOUF PETERSON
       United States District Judge